IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JONATHAN GRINSTEAD,

      Petitioner,

v.                                CASE NO. 1:13-cv-42-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 and is proceeding pursuant to

a First Amended Petition,  ECF No. 10.  The Petition stems from

Petitioner's 2009 Alachua County guilty-plea convictions of aggravated

assault with a deadly weapon (Count I), felony battery (Count II), burglary

of an occupied structure (Count III)[1], and attempted sexual battery (Count

IV).  Respondent filed a response and an appendix with relevant portions

of the state-court record.   ECF No. 19.    Although afforded an opportunity

to file a reply, Petitioner did not do so.  Upon due consideration of the

Petition, the Response, and the state-court record the undersigned

---

[1]Count III was originally charged as burglary of a structure with battery; Petitioner pleaded guilty to a lesser-included offense.

recommends that the Petition be denied.[2]

## State-Court Proceedings

The procedural history of Petitioner's underlying criminal case may be summarized as follows.  Petitioner's plea agreement provided that he would serve a three-year term of incarceration on the attempted sexual battery charge (Count IV), followed by five-year concurrent terms of probation on each of the remaining three counts (Counts I-III).  ECF No. 19-1 at 13-16 (plea agreement), 19-40 (plea colloquy), 43-58 (judgment and sentence).  Petitioner conceded that he understood the terms of his plea agreement and the sentence, and that he understood that by entering the plea agreement he would forego exposure to a possible life sentence. *Id*. at 26.  The sentencing court determined that Petitioner's plea was freely and voluntarily made.  *Id*. at 32.

Petitioner filed an appeal but subsequently, through counsel, voluntarily dismissed the appeal.  *Id*. at 98, 100.  Petitioner filed a motion for reduction or modification of his sentence pursuant to Fla. R. Crim. P. 3.800(c), which the state court dismissed because it had no discretion to

---

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

reduce or modify a sentence that was the result of a negotiated plea.  *Id.* at 123.  Petitioner later succeeded in having his sentence of probation modified to allow transfer of his probation to the State of Indiana.  ECF 19-2 at 7.

Following expiration of his three-year term of incarceration for Count IV, Petitioner pleaded guilty to probation violations and was sentenced to 53.1-month concurrent sentences for Counts I-III.  *Id.* at 53-61.  Petitioner appealed, but subsequently dismissed the appeal.  *Id.* at 82, 84.

Petitioner filed three motions to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(a), seeking to have additional credit for time served applied to his post-revocation sentences.  The first two were dismissed for lack of jurisdiction because Petitioner's appeal of his sentences was still pending.  The third was summarily denied.  *Id.* at 105-06.  The First DCA summarily affirmed the denial without opinion and denied rehearing.   ECF No. 19-3 at 10.  The Florida Supreme Court dismissed Petitioner's notice to invoke discretionary jurisdiction for lack of jurisdiction.  *Id.* at 78.

The instant habeas corpus petition, which Respondent concedes is timely, followed.  Petitioner asserts the following claims: (1) trial counsel

failed to provide effective assistance because she allowed the court to impose an unlawful sentence; (2) trial counsel was ineffective when she failed to inform Petitioner that his "split sentence" was illegal; (3) trial counsel was ineffective when she allowed Petitioner to enter a negotiated plea "where a manifest injustice occurred from an illegal sentence," (4) trial counsel was ineffective for permitting Petitioner's 14th Amendment rights to be violated without objection; (5) the trial court erred by failing to grant his motion to correct illegal sentence to award him additional credit for time served on his post-revocation sentences; (6) the trial court erred by not correcting an illegal sentence because the court used Petitioner's original sentencing scoresheet, creating a double jeopardy violation; and (7) the foregoing cumulative errors mandated an evidentiary hearing.  ECF No. 10.

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate

review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To

properly exhaust a federal claim, a petitioner must "fairly present" the claim

in each appropriate state court, thereby affording the state courts a

meaningful opportunity to "pass upon and correct alleged violations of its

prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

(quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state

court, and it is obvious that the unexhausted claim would now be

procedurally barred under state law, the claim is procedurally defaulted.

*Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas

courts are precluded from reviewing the merits of procedurally

defaulted claims unless the petitioner can show either (1) cause for the

failure to properly present the claim and actual prejudice from the default,

or (2) that a fundamental miscarriage of justice would result if the claim

were not considered.  *Id*. at 1302, 1306.  A fundamental miscarriage of

justice exists "where a constitutional violation has probably resulted in the

conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144,

1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a

petitioner must present new reliable evidence that was not presented at

trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Standard of Review

For claims that are properly exhausted, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes further limitations on the scope of this Court's review.  Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___,  2013 WL 5904117, *4 (2013)(quoting  *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential").   This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights."  *Id*.   This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas

relief for prisoners whose claims have been adjudicated in state court.

AEDPA requires 'a state prisoner [to] show that the state court's ruling on

the claim being presented in federal court was so lacking in justification

that there was an error . . . beyond any possibility for fairminded

disagreement.'"  *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131

S.Ct. 770, 786–787 (2011).  "'If this standard is difficult to meet'—and it

is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct.

at 786).  "We will not lightly conclude that a State's criminal justice system

has experienced the 'extreme malfunction' for which federal habeas relief

is the remedy."  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## Guilty Plea and Ineffective Assistance of Counsel

By entering a voluntary plea, a defendant waives several rights,

including the right to a jury trial, to the assistance of counsel at trial, to

raise a defense, and to confront his accusers.  *Boykin v. Alabama*, 395

U.S. 563, 573 (1989).  Further, a voluntary and intelligent guilty plea

forecloses federal collateral review of alleged constitutional errors

preceding the entry of the plea, including claims of ineffective-assistance

that do not attack the voluntariness of the plea.  *See Tollett v. Henderson*,

411 U.S. 258, 266-67 (1973);  *Wilson v. United States*, 962 F.2d 996, 997

(11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

In the guilty plea context, to show prejudice under *Strickland* Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

### *Claims 1-4: Ineffective assistance regarding legality of sentence*

As Respondent points out, Petitioner failed to assert *any* ineffective-assistance claims in any of Petitioner's state postconviction motions attacking the legality of his sentence. Such ineffective-assistance claims are therefore procedurally defaulted, and Petitioner has made no showing of cause-and-prejudice necessary to gain review of a procedurally defaulted ineffective-assistance claim. Further, none of Petitioner's ineffective-assistance claims implicate the validity of his guilty plea, and a

valid plea forecloses review of ineffective-assistance claims that do not

attack the voluntariness of the plea.  *See Tollett*, 411 U.S. at 266-67;

*Wilson*, 962 F.2d at 997; *Smith*, 711 F.2d at 682.  The Court concludes

that Petitioner's ineffective-assistance claims are foreclosed from federal

review.

   Even if the claims were not procedurally defaulted and foreclosed

from review, it is clear that Petitioner is not entitled to relief on the merits,

and the Court may deny relief notwithstanding any failure to exhaust.  28

U.S.C § 2254(b)(2).   The record in the state court reflects that there is not

a "reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at

59.

   Petitioner contends in Claims 1 and 3 that his sentence was unlawful

because no factual basis was established for his plea to attempted sexual

battery (Count IV), and his counsel was ineffective for permitting him to

enter a plea that resulted in "manifest injustice."  ECF No. 10.  However,

Petitioner's plea agreement provided that the court could rely on

documents in the Court's file, including the probable cause affidavit, as the

factual basis for the plea.  ECF No.19-1 at 15.   During the plea colloquy,

the state court found that the criminal Information in the case contained specific factual allegations that established an adequate factual basis for the plea.  *Id*. at 32-33.  Thus, Plaintiff's claim that there was no factual basis, and related error by trial counsel, is refuted by the record.

In Claim 2, Petitioner argues that counsel was ineffective with respect to Petitioner's "split sentence" of imprisonment followed by probation because she misadvised him that his sentences on all four counts would be concurrent with each other.  ECF No. 10.  The plea agreement and colloquy squarely refute this claim because it is clear that the sentences of five years' probation on Counts I-III were concurrent with each other but *consecutive* to the three-year term of imprisonment for Count IV.  ECF No. 19-1 at 16, 21.  Further, Petitioner conceded at his plea colloquy that by pleading guilty with negotiated sentences of three years' imprisonment followed by five years' probation, Petitioner avoided a possible life sentence on Count III, which originally had been charged as a first degree felony.  ECF 19-1 at 26-27.  Petitioner agreed, under oath, with counsel's statements that he was clear about the benefits of his plea agreement, that avoiding a possible life sentence was a "big part" of the reason that he decided to plead, that he understood that going to trial was

a "big risk," and that he and his counsel had spent a "good bit of time analyzing and weighing" the risk. *Id*. at 26.   When asked whether he was entering the plea because he felt it was not in his best interest to take that risk, Petitioner responded "[y]es, I do," and conceded that he was doing so in light of counsel's advice and overall chances of success at trial. *Id*. at 27.  When asked whether he was satisfied with counsel's representation, Petitioner responded "I believe under your advice I'm doing the right thing." *Id*.  The state-court record thus refutes any claim that Petitioner did not know that his probationary sentences would be concurrent to his incarcerative sentence, and the record supports a conclusion that there is no reasonable probability that Petitioner would not have pleaded guilty but for counsel's alleged errors.

Petitioner's Claim 4 asserts that trial counsel was ineffective for permitting his 14th Amendment rights to be violated, but his underlying assertion in support of this claim is that counsel failed to object to the lack of a factual basis to support Petitioner's plea to attempted sexual battery. For the same reasons discussed above, this claim lacks any support in the record and is due to be denied.

## *Claims 5-6: Trial court error in sentencing*

Petitioner contends that the trial court erred in denying his motion to correct illegal sentence.  This motion stemmed from Petitioner's post-revocation sentence, and sought credit for time served on Count IV against the incarcerative sentence imposed for Counts I-III after revocation of probation.  In denying Petitioner's motion, the state court found, under state law, that time that had already been credited to Petitioner's sentence for Count IV (which had been fully served) could not also be credited to sentences imposed upon revocation of probation on Counts I-III. Specifically, the Court held that:

> "Under the Criminal Punishment Code, [a defendant] is not entitled to have credit for the time served in prison on [one] count ... applied to the sentence upon revocation of probation on the [other] count[s]." *Williams v. State*, 51 So.3d 598, 599 (Fla. 2d DCA 2011)(citing *Moore v. State*, 882 So.2d 977, 985 (Fla. 2004)("[D]efendants who violate a consecutive term of probation are not entitled to credit for prison time served on a separate offense")).  Accordingly, the claim raised is without merit.

ECF No. 19-2 at 105-06.

Petitioner argues in Claim 5 that the state court erred in failing to award such sentence credit.  In Claim 6, Petitioner contends that the state court's failure to award him such sentence credit amounted to a double

jeopardy violation.  ECF No. 10.

A habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution.  *Engle v. Isaac*, 456 U.S. 107, 120-21 (1982);  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).  A federal writ of habeas corpus is only available in cases of federal constitutional error.  *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990). Accordingly, claims challenging the application of state sentencing laws are not cognizable on federal habeas review.   *See* 28 U.S.C. § 2254(a); *Engle*, 456 U.S. at 120-21; *Branan*, 861 F.2d at 1508 ("[F]ederal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.").

Despite Petitioner's conclusional assertion that his post-revocation sentence violated due process and double jeopardy, Petitioner's claim is not cognizable on federal habeas corpus review because he makes no showing of a federal constitutional violation.  *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle,* 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").[3]  The Court's independent review of the record supports a conclusion that the sentence was legal under state law, and presents no basis for basis for federal habeas relief.

In Claim 7, Petitioner contends that in light of his asserted "cumulative" sentencing errors, the state court erred by failing to hold an evidentiary hearing on his motion to correct sentence.  "[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."  *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) (citing *Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir. 1987)).

---

[3]This Court has consistently rejected similar habeas corpus claims.  *See*, *e.g., Coley v. McNeil*, 2009 WL 563891 at *2 (N.D. Fla., March 2, 2009).  In *Coley*, the Petitioner contended that he was erroneously sentenced as a habitual offender, and because of the error, he was denied due process and equal protection.  *Id.*  This Court concluded that the petitioner was attempting to "couch" his state sentencing claim as one of constitutional error, and found that the Petitioner had only presented a state law claim.  *Id.*  Thus, the petitioner's sentencing claim was not cognizable on federal habeas review.  *Id.*; *see also Branan*, 861 F.2d at 1508*; Estelle*, 502 U.S. at 71-72; *Carrizales*, 699 F.2d at 1055; *Jones v. Sec'y Dep't of Corr.*, 2006 WL 2724892 at *3 (M.D. Fla., Sept. 22, 2006) (finding that, because petitioner's claim challenging designation as a habitual offender was a matter of state law, his sentencing claim was not cognizable on federal habeas review).

Thus, Petitioner's claim that the state court should have held an evidentiary hearing on his postconviction sentencing claims presents no basis for relief.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

For the foregoing reasons, it is respectfully **RECOMMENDED** that

the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,  ECF

No. 10, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 11th day of January 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations
must be filed within fourteen (14) days after being served a copy
thereof.  <u>Any different deadline that may appear on the electronic
docket is for the court's internal use only, and does not control.</u>  A
copy of objections shall be served upon all other parties.  If a party
fails to object to the magistrate judge's findings or recommendations
as to any particular claim or issue contained in a report and
recommendation, that party waives the right to challenge on appeal
the district court's order based on the unobjected-to factual and legal
conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.